UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL SCHOOLEY,

    Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

Hon. Phillip J. Green

Case No. 1:18-cv-00192

## MEMORANDUM OPINION AND ORDER

This was a social security action brought under 42 U.S.C. § 1383(c)(3) seeking review of a final decision of the Commissioner of Social Security, denying plaintiff's claims for supplemental security income (SSI) benefits. On June 28, 2018, the Court entered an order and judgment granting the parties joint stipulation for remand, vacating the Commissioner's decision and remanding the case for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). (ECF No. 13, 14).

The matter is now before the Court on plaintiff's motion for attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. (ECF No. 15). Plaintiff indicates that the defendant does not object to the motion. (ECF No. 15-1, PageID.555). For the reasons set forth herein, plaintiff's motion will be granted and a judgment will be entered in plaintiff's favor in the amount of $1,732.50.

**Discussion**

The EAJA provides in relevant part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . ., including proceedings for judicial review of agency action, brought by or against the United States . . ., unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A); *see Astrue v. Ratliff*, 560 U.S. 586, 591-93 (2010). A district court's decision granting or denying a motion for attorney's fees under the EAJA is reviewed on appeal under a deferential "abuse of discretion" standard. *DeLong v. Commissioner*, 748 F.3d 723, 725 (6th Cir. 2014).

The Sixth Circuit has identified three conditions that must be met to recover attorney's fees under the EAJA: (1) the claimant must be a prevailing party; (2) the government's position must be without substantial justification; and (3) there are no special circumstances that would warrant a denial of fees. *See DeLong v. Commissioner*, 748 F.3d at 725.

Plaintiff is a prevailing party under this Court's judgment remanding this matter to the Commissioner. *See Shalala v. Schaefer*, 509 U.S. 292, 298 (1993); 28 U.S.C. § 2412(d)(2)(H). Plaintiff is a financially eligible person under the EAJA. S*ee* 28 U.S.C. § 2412(d)(2)(B). Accordingly, plaintiff is entitled to an award of attorney's fees under the EAJA.

1. **Hours Claimed**

"Once a court makes a threshold determination that a party is eligible for EAJA fees, it looks to the lodestar amount as a starting point for calculating a reasonable fee award." *Minor v. Commissioner*, 826 F.3d 878, 881(6th Cir. 2016). The United States Court of Appeals for the Sixth Circuit has cautioned lower courts against "rubber stamping" EAJA fee applications. *See Begley v. Secretary of Health & Human Servs.*, 966 F.2d 196, 200 (6th Cir. 1992).

The EAJA requires "an itemized statement from [the] attorney . . . representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Plaintiff seeks compensation for 9.9 hours in attorney time. (ECF No. 15-1, PageID.553).

Generally, a reasonable expenditure of time for representation of a party seeking judicial review of the Commissioner's final administrative decision denying claims for DIB and SSI benefits is in the range of 15 to 30 hours. *See Flamboe v. Commissioner*, No. 1:12-cv-606, 2013 WL 1914546, at *2 (W.D. Mich. May 8, 2013); *see also Fredericks v. Commissioner*, No. 1:12-cv-1234, 2014 WL 4057794, at *2 (W.D. Mich. Aug. 14, 2014); *Nichols v. Commissioner*, No. 1:09-cv-1091, 2012 WL 1189764, at *2 (W.D. Mich. Mar. 19, 2012) (collecting cases). "Unlike other types of civil cases in which the amount of discovery alone often creates wide variability in litigation hours, the vast majority of social security appeals conform to a relatively narrow range of hours because they involve a largely settled area of law, require no discovery, and follow a precise briefing schedule[.]" *Flamboe v. Commissioner*, 2013 WL

1914546, at * 2 (quoting *Crim v. Commissioner*, No. 1:11-cv-137, 2013 WL 1063476, at *4 (S.D. Ohio Mar. 14, 2013)). Having reviewed the record, I find that 9.9 hours is a reasonable amount of time expended on the work performed in this case.

**2.   Hourly Rate**

Plaintiff seeks to recover attorney's fees at a rate of $175 per hour. (ECF No. 15-1; PageID.554). The EAJA specifies that "attorney's fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). Recent decisions of this Court have found that a rate of $175 per hour for attorneys satisfies these statutory considerations. *See Smith ex rel. S.K.W. v. Commissioner*, No. 1:16-cv-1175, 2018 WL 5781226, at *2 (W.D. Mich. Oct. 15, 2018); *Kochaney v. Commissioner*, No. 1:17-cv-851, 2018 WL 4700568, at *2 (W.D. Mich. Oct. 1, 2018); *Lyman v. Commissioner*, No. 1:16-cv-124, 2017 WL 6806692, at *1 (W.D. Mich. Dec. 20, 2017). These cases support a $175.00 hourly rate under the EAJA. Multiplying the 9.9 hours reasonably expended by counsel by the $175 rate results in $1,732.50. The Court finds that plaintiff is entitled to recover this amount in fees under the EAJA.

## Conclusion

For the reasons set forth herein, plaintiff's motion for attorney's fees (ECF No. 15) is **GRANTED**. A judgment in plaintiff's favor against defendant in the amount of $1,732.50 will be entered.

Dated: February 5, 2019          /s/ Phillip J. Green
                                 PHILLIP J. GREEN
                                 United States Magistrate Judge